UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GINA C., | ) |
| | ) |
|     *Plaintiff* | ) |
| | ) |
| v. | )    No. 1:17-cv-00481-DBH |
| | ) |
| NANCY A. BERRYHILL, | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
|     *Defendant* | ) |

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on a number of bases, including that the ALJ failed to (i) comply with an Appeals Council remand order, (ii) address an opinion of her longtime treating provider, Penny DeRaps, FNP-C, Ph.D., concerning her ability to perform work-related mental activities, and (iii) enlist the aid of a medical advisor to resolve ambiguities in inferring her onset date of disability, as required by Social Security Ruling 83-20 ("SSR 83-20"). *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 13) at 5-17.

The commissioner concedes that the ALJ erred in failing to address the DeRaps opinion, but argues that the error was harmless. *See* Defendant's Opposition to Plaintiff's Statement of

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Errors ("Opposition") (ECF No. 17) at 15-17. I disagree, concluding that the error, which also transgressed a directive by the Appeals Council and called into question the ALJ's compliance with SSR 83-20, was not harmless. Accordingly, I recommend that the court vacate the commissioner's decision and remand this case for further proceedings. I need not and do not reach the plaintiff's remaining points of error.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through September 30, 2009, Finding 1, Record at 1798; that, through her date last insured ("DLI"), she had the severe impairments of regional pain syndrome of the bilateral upper extremities, major depressive disorder, anxiety disorder not otherwise specified, and a polysubstance abuse disorder, Finding 3, *id*; that, through her DLI, she had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that she could never climb ladders, ropes, or scaffolds, could occasionally crawl (limits related to her regional pain syndrome), could perform simple jobs with simple instructions and limited changes, and could occasionally interact with the general public as well as with supervisors and coworkers (limits related to her affective, anxiety, and substance abuse disorders), Finding 5, *id*. at 1800; that, through her DLI, considering her age (38 years old, defined as a younger individual, on her DLI), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 1809-10; and that she, therefore, had not been disabled from March 1, 2007, her alleged onset date of disability, through September 30, 2009, her DLI, Finding 11, *id*. at 1811. The Appeals Council declined to assume jurisdiction of the case following remand, *id*. at 1782-85,

making the decision the final determination of the commissioner, 20 C.F.R. § 404.984(a), (b)(2); *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Background

The instant application for SSD benefits, filed on August 19, 2008, *see* Record at 113, has been the subject of two prior remands. On September 8, 2011, for reasons not at issue here, the Appeals Council vacated an ALJ's unfavorable May 26, 2011, decision and remanded this case for further proceedings. *See id*. at 145-46. On November 18, 2014, this court vacated the ALJ's second unfavorable decision, dated March 1, 2013, and remanded this case for further proceedings. *See id*. at 1865-67, 1887-88.

In the interim, on February 12, 2013, the plaintiff filed an application for Supplemental Security Income ("SSI") benefits, which was granted on June 5, 2013, effective as of her SSI filing

date of February 12, 2013. *See id.* at 1892; Attach. 1 ("SSI Decision") (ECF No. 17-1) to Statement of Errors.[2] That favorable determination was premised on a May 29, 2013, finding by agency nonexamining consultant Brian Stahl, Ph.D., that the plaintiff's mental health impairments met the criteria of Listing 12.06 (Anxiety-Related Disorders), Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"). *See* SSI Decision at Page ID ## 2387-88.

On July 23, 2015, in the wake of this court's remand premised on the second unfavorable SSD decision, the Appeals Council upheld the determination that the plaintiff was disabled as of February 12, 2013, (ii) vacated the second unfavorable SSD decision in accordance with this court's order, and (iii) remanded this case for resolution by a different ALJ. *See* Record at 1892-95. Following a hearing during which, *inter alia*, impartial medical expert James M. Claiborn, Ph.D., testified concerning the plaintiff's mental impairments, a new ALJ issued the instant unfavorable decision on April 13, 2016. *See id.* at 1794-1811.

## B. The DeRaps Opinion

In her January 24, 2013, opinion concerning the plaintiff's ability to perform work-related mental activities, Dr. DeRaps checked boxes indicating that, in her professional opinion, "from December 31, 2001 to the present[,]" the plaintiff's symptoms, disorders, and/or side effects of medication rendered her markedly limited in, or effectively precluded from performing, a number of activities, including maintaining attention and concentration sufficient to perform work tasks

---

[2] Whereas entitlement to SSD benefits hinges in part on acquisition of insured status, entitlement to SSI benefits does not. *See, e.g., Splude v. Apfel,* 165 F.3d 85, 87 (1st Cir.1999) ("In 1972, Congress added a new social security program to provide 'supplemental security income' (called 'SSI') for 'aged, blind and disabled' persons of limited means regardless of their insured status. This is a social welfare program funded out of general taxpayer revenues. SSI is available even to those who qualify for SSD, but SSD income is considered in determining whether a disabled person qualifies for SSI under the latter's means test.") (citations omitted); *Chute v. Apfel,* No. 98-417-P-C, 1999 WL 33117135, at *1 n.2 (D. Me. Nov. 22, 1999) ("To be eligible to receive SSD benefits the plaintiff had to have been disabled on or before her date last insured (March 31, 1995); however, eligibility for SSI benefits is not dependent on insured status.").

throughout an eight-hour workday, sustaining an ordinary routine without special supervision, working in coordination with or proximity to others without being distracted by them, completing a normal workday and workweek without interruptions from psychologically-based symptoms, and performing at a consistent pace without an unreasonable number and length of rest periods. *Id*. at 1773-74.

In both her brief and at oral argument, the commissioner conceded that the ALJ erred in ignoring this opinion. *See, e.g.*, Opposition at 15-17. Thus, the only question before me is whether the error was harmless.[3]

Pursuant to *SEC v. Chenery Corp.,* 332 U.S. 194 (1947), "a reviewing court cannot affirm an agency's decision on the basis of a *post hoc* rationalization but must affirm, if at all, on the basis of a rationale actually articulated by the agency decision-maker." *Day v. Astrue,* No. 1:12-cv-141-DBH, 2012 WL 6913439, at *10 (D. Me. Dec. 30, 2012) (rec. dec., *aff'd* Jan. 18, 2013) (citation and internal quotations marks omitted). In this case, the ALJ did not acknowledge the DeRaps opinion, let alone provide a rationale for its disposition. Nonetheless, "[a]n exception to the *Chenery* rule exists when a remand will amount to no more than an empty exercise because,

---

[3] Pursuant to the so-called "treating physician" or "treating source" rule applicable to this decision, the commissioner promises to provide "good reasons in [her] notice of determination or decision for the weight [she] give[s] [a claimant's] treating source's medical opinion." 20 C.F.R. § 404.1527(c)(2). "Medical opinions" are defined as "statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [his or her] symptoms, diagnosis and prognosis, what [he or she] can still do despite impairment(s), and [his or her] physical or mental restrictions." *Id*. § 404.1527(a)(1). The commissioner raises no issue as to whether Dr. DeRaps qualifies as an "acceptable medical source." *See* Opposition at 14-17. Any such argument, hence, is waived. *See, e.g., Connor v. Colvin*, No. 1:13-cv-00219-JAW, 2014 WL 3533466, at *5 n.4 (D. Me. July 16, 2014) ("The general rule in this district long has been that any claim or issue not raised in a claimant's statement of errors is deemed waived. I perceive no reason against, and indeed fairness would counsel for, the same rule applying with respect to responsive briefs, which the commissioner has been required to file since the amendment of Local Rule 16.3(a)(2) effective January 1, 2013.") (citation omitted). In any event, even if Dr. DeRaps was not an "acceptable medical source," the ALJ's failure to discuss her opinion transgressed the Appeals Council's directive that the ALJ "evaluate the treating and nontreating source opinions . . . and explain the weight given to such opinion evidence." Record at 1894.

for example, application of the correct legal standard could lead to only one conclusion[.]" *Id.* (citation and internal quotation marks omitted).

The commissioner contended, both in her brief and through counsel at oral argument, that remand would "amount to no more than an empty exercise" in this case. Opposition at 16-17 (quoting *Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000)). The plaintiff's counsel disagreed. I conclude that the plaintiff has the better argument.

The commissioner first argued that the error was harmless because the ALJ *did* expressly discuss a separate opinion by Dr. DeRaps, also dated January 24, 2013, pertaining to the plaintiff's ability to perform *physical* work-related activities, according it little weight in part because Dr. DeRaps did not treat the plaintiff during the relevant time period. *See id.* at 15-16; Record at 1807. She asserted that this rationale "applies equally" to Dr. DeRaps' opinion regarding the plaintiff's mental capacities. Opposition at 16. She next contended that remand would amount to an empty exercise because the ALJ otherwise relied on substantial evidence that the plaintiff's mental health impairments were not disabling during the relevant period, including largely normal mental status examinations during that time frame, the testimony of Dr. Claiborn at hearing, the January 2009 opinion of agency nonexamining consultant Lewis F. Lester, Ph.D., and the July 2009 opinion of agency nonexamining consultant Scott W. Hoch, Ph.D. *See id.*; Record at 738-50, 752-54, 931, 933-35, 1805-08, 1855-59.

Nonetheless, as the plaintiff's counsel rejoined at oral argument, the record overall is too ramified to conclude that there could be only one conclusion on remand.

First, Dr. Stahl relied in part on treatment notes of Dr. DeRaps, including a note of January 24, 2013 – the same date as the opinion in question – in concluding that the plaintiff's mental health impairments met the criteria of Listing 12.06. *See* SSI Decision at Page ID ## 2386-87.

6

However, as the plaintiff notes, *see* Statement of Errors at 9-10, the SSI Decision was not made part of the record and, thus, was unavailable to Dr. Claiborn. At oral argument, counsel for the commissioner countered that Dr. Claiborn was made aware at hearing that Dr. Stahl had found, on May 29, 2013, that the plaintiff's mental health impairments met Listing 12.06. *See* Record at 1827-30. She added that, in any event, the SSI Decision was irrelevant because it pertained to the plaintiff's condition as of several years after her September 30, 2009, DLI.

Nonetheless, "the mere fact that medical evidence is dated after the date last insured does not necessarily require that it be disregarded." *Peak v. Colvin*, No. 2:15-cv-67-JHR, 2015 WL 7681256, at *5 n.5 (D. Me. Nov. 24, 2015). Dr. Stahl reviewed evidence spanning the period from July 5, 2010, slightly more than nine months after the plaintiff's DLI, through April 16, 2013, *see* SSI Decision at Page ID # 2386. While Dr. Claiborn was apprised of the Stahl finding, he was not privy to its details, including the fact that Dr. Stahl deemed the DeRaps notes important enough to have relied in part on them in concluding that the plaintiff's mental health impairments met Listing 12.06. *See id.* Because the DeRaps opinion was material, in that it pertained to the relevant period and its adoption would have been outcome-determinative in the plaintiff's favor, and Dr. Claiborn never mentioned that opinion during the hearing, *see* Record at 1855-59, the omission of the SSI Decision from the record available for his review undermines confidence that remand necessarily would be an empty exercise, *compare, e.g., Rackliff v. Berryhill*, No. 1:16-cv-00250-JHR, 2017 WL 2266796, at *2 (D. Me. May 22, 2017) (remand an empty exercise when adoption of even the more claimant-friendly of two opinions the ALJ assertedly erred in rejecting would have directed a conclusion of non-disability).

Further, as the plaintiff's counsel contended at oral argument, the omission of the SSI Decision from the record, combined with the ALJ's failure to discuss the DeRaps opinion, raises

7

doubt that a proper determination of the plaintiff's onset date of disability was made in accordance with SSR 83-20 and the Appeals Council's order.[4] SSR 83-20 provides, in pertinent part:

> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. Determining the proper onset date is particularly difficult, when, for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available. In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process.

SSR 83-20, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 51.

SSR 83-20 "instructs an ALJ to consult a medical expert when the ALJ must infer a claimant's date of disability onset on the basis of ambiguous medical evidence." *Fischer v. Colvin*, 831 F.3d 31, 32 (1st Cir. 2016). If "the medical evidence [i]s not ambiguous[,]" an ALJ need not "draw inferences as to whether [a claimant's] onset date preceded the expiration of her insured status[,]" and SSR 83-20 does "not require the ALJ to consult a medical expert." *Id.*

In a similar vein, the Appeals Council directed that the ALJ "issue a new decision on the issue of disability before February 12, 2013[,]" Record at 1895, stating that "the period prior to February 12, 2013, requires further administrative proceedings[,]" *id* at 1892. While the Appeals Council did not cite SSR 83-20, a fair reading of these directives is that it tasked the ALJ to determine the plaintiff's onset date of disability.

The commissioner argued that the medical evidence was not ambiguous and, in any event, in calling Dr. Claiborn to testify, the ALJ fulfilled or exceeded any requirement of SSR 83-20 and the Appeals Council, which merely directed that, "[i]f warranted and available, [the ALJ] obtain

---

[4] While, in her statement of errors, the plaintiff raised the issue of SSR 83-20 only in relation to her physical impairments, *see* Statement of Errors at 10-14, her counsel appropriately addressed its application to her mental impairments at oral argument in response to the commissioner's contention that the ruling was inapplicable to the mental disability finding, *see* Opposition at 11-12; *compare, e.g., Farrin v. Barnhart*, No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("[I]ssues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted).

evidence from a medical expert to clarify the nature and severity of the [plaintiff]'s impairments and their resulting functional limitations[.]" *Id*. at 1894. However, the DeRaps opinion on its face creates ambiguity as to whether the plaintiff's onset date of disability preceded her DLI. That ambiguity was resolved neither by Dr. Claiborn nor the ALJ, a shortcoming that warrants remand. *See, e.g.*, *Rodriguez*, 647 F.2d at 222 ("[T]he resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [the ALJ], not for the doctors or for the courts."); *Picard v. Berryhill*, No. 2:16-cv-00636-JHR, 2018 WL 1370681, at *3 (D. Me. Mar. 16, 2018) ("[W]hen failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result *via* an acceptable analytical pathway," reversal and remand are warranted.).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of December, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge